IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

OLESEGUN O. BELLO,                    §
      Plaintiff,                         §
                                                 §
                                                 §
v.                                             §        No. 3:25-CV-474-N-BW
                                                 §
MILLIMAN, INC.,                        §
      Defendant.                        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Milliman, Inc.'s Motion to Enforce Settlement renewed on October 23, 2025.  (Dkt. No. 32.)  Plaintiff Olesegun O. Bello, now proceeding in this action pro se, has not filed a response to the motion.  Senior United States District Judge David C. Godbey referred the case to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b).  (Dkt. No. 28.)

For the reasons that follow, the undersigned magistrate judge recommends that the motion to enforce the settlement agreement should be granted, and this action should be dismissed with prejudice.

**I.  BACKGROUND**

Bello, represented by counsel, filed this action in February 2025, alleging that Milliman's submission of false information to a life insurer prompted the denial of Bello's application for life insurance.  (Dkt. No. 1 ¶ 2.)  Bello alleged that he promptly disputed the information and provided medical records disproving the

information maintained by Milliman, but he alleges that Milliman failed to conduct a reasonable investigation of his dispute and failed to correct the inaccurate information. (*Id.* ¶ 3.) Bello asserted claims against Milliman under the Fair Credit Reporting Act ("FCRA"). (*See id.* ¶¶ 39-55.)

On June 30, 2025, Bello's attorney filed a Notice of Settlement, stating that the parties "have resolved the claims between them in this matter." (Dkt. No. 21.) The notice advised that the parties were "in the process of finalizing the terms" of their agreement and asked the Court to vacate all pending deadlines. (*Id.*) Judge Godbey vacated the scheduling order and ordered the parties to submit dismissal papers within 45 days. (Dkt. No. 22.)

The parties did not submit dismissal papers. Instead, on July 29, 2025, Bello's attorneys moved to withdraw from this case. (Dkt. No. 23.) Counsel stated that the attorney-client relationship had broken down such that there was no longer any communication between them and Bello, including about resolution of the case. (*Id.* at 1.) It stated that Bello did not return emails and immediately ended calls when he realized they were from the law firm. (*Id.*) Judge Godbey granted counsel's withdrawal on September 8, 2025. (Dkt. No. 27.) The Clerk of Court promptly sent Bello a copy of the standard notice and instructions to pro se parties outlining his responsibilities. (*See* Dkt. No. 29.)

Meanwhile, on August 27, 2025, Milliman filed its first motion for enforce a settlement agreement. (Dkt. No. 26.) Bello did not file a response to the motion.

Upon considering the motion, however, the undersigned determined that Milliman's briefing and supporting evidence did not comply with local rules of the Court such that it interfered with the consideration and recommendation for resolution of the motion.  (Dkt. No. 30.)  The undersigned therefore ordered Milliman to refile its motion and noted that, once refiled, Bello would have 21 days to file a response.  (*Id.* at 2.)

Milliman refiled its motion to enforce the settlement agreement on October 23, 2025.  (Dkt. No. 32 ("Mot.").)  It also filed a supporting appendix of evidence.  (Dkt. No. 33 ("App.").)  In support of the motion, Jeffrey M. Wells, counsel to Milliman, testifies by sworn declaration that he engaged in settlement discussions with Bello and his counsel multiple times in May and June 2025.  (App. 4.)  He states that, on June 18, Milliman offered $50,000 to resolve both this action and another matter (referred to only as "Matter A").  (App. 5.)  Plaintiff countered with a global settlement amount of $55,000.  They did not reach an agreement during that call. (App. 5.)  But on June 20, after Plaintiff's counsel confirmed that he had authority to settle the matters, Milliman called and accepted the $55,000 counter-offer in exchange for a "full release of claims and other standard settlement terms." (App. 5.)

On June 26, Milliman's counsel sent a proposed settlement agreement to Bello's counsel for discussion or execution.  (App. 28-34.)  Plaintiff's counsel, however, advised Milliman that a dispute had arisen between Bello and his attorneys

concerning their fee arrangement. (App. 5.) Nonetheless, on June 30, Plaintiff's counsel filed the notice of settlement informing the Court of the parties' agreed resolution of the dispute. (App. 5; *see* Dkt. No. 21.) On July 7, Bello's attorney advised Milliman that the proposed settlement agreement "look[ed] good" but advised that he was still attempting to get in touch with Bello, "which has proved to be difficult." (App. 35.)

Bello has not filed a response to Milliman's renewed motion to enforce the settlement agreement. Nor has Bello complied with an order and local rules requiring him to register as a user of the Court's Electronic Case Filing ("ECF") system. (*See* Dkt. No. 31; N.D. Tex. L. Civ. R. 5.1(f).) In fact, Bello has taken no action in this case since the Court permitted his counsel to withdraw.

## II. LEGAL STANDARDS AND ANALYSIS

"A District Court has the power to enforce summarily a settlement agreement reached in a case pending before it." *Mid-S. Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). So "[a] district court may exercise its discretion to enforce a settlement agreement where one party to a suit has initially agreed to a settlement but later refused to execute a formal agreement reciting the terms of the settlement." *Chen v. Highland Cap. Mgmt., L.P.*, No. 3:10-CV-1039-D, 2012 WL 5935602, at *2 (N.D. Tex. Nov. 27, 2012) (quoting *Weaver v. World Fin. Corp. of Texas*, No. CIV.A. 3:09-CV-1124G, 2010 WL 1904561, at *2 (N.D. Tex. May 12, 2010)).

Where, as here, the claims before the Court are premised on federal law, "[q]uestions regarding the enforceability or validity of such agreements are determined by federal law[.]" *Mid-South Towing Co.*, 733 F.2d at 389. Federal law treats a settlement agreement as a contract, *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992), meaning that "[a] binding settlement agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance." *Chen*, 2012 WL 5935602, at *2 (internal quotation marks omitted). "Federal law does not require settlement agreements to be reduced to writing." *E.E.O.C. v. Philip Servs. Corp.*, 635 F.3d 164, 167 (5th Cir. 2011). Although the Court is guided by federal law, "[t]he federal law of contracts uses the core principles of the common law of contracts that are in force in most states." *Bowers v. Abundant Home Health, LLC*, No. 3:16-CV-1314-C, 2021 WL 706783, at *4 (N.D. Tex. Jan. 25, 2021) (internal quotation marks omitted), *accepted*, 2021 WL 693652 (N.D. Tex. Feb. 23, 2021). "Because 'federal contract law is largely indistinguishable from general contract principles under state common law,' the Court may rely on federal cases, state contract law cases, and other treatises to the extent it finds them persuasive." *Id.* (quoting *In re Deepwater Horizon*, 786 F.3d 344, 354-55 (5th Cir. 2015)).

Under Fifth Circuit caselaw, "an attorney of record is presumed to have authority to compromise and settle litigation of his client[.]" *Quesada v. Napolitano*, 701 F.3d 1080, 1083 (5th Cir. 2012) (quoting *Mid-South Towing Co.*, 733 F.2d at 390).

A party alleging that his attorney lacked authority to settle claims requires affirmative proof that the attorney had no right to consent to the agreement. *See id.*

Milliman has established that a binding settlement agreement was reached between the attorneys. Wells testifies that Bello made a counter-offer to settle this and another matter ("Matter A") for $55,000. (App. 5.) On June 20, 2025, Milliman called to accept that offered settlement amount in exchange for a full release of claims and other standard settlement terms. (App. 5.) Bello's attorney followed up their communication with an email "to confirm that we are settled in the Bello case for $25k and in the [Matter A] case for $30k." (App. 28.) Additionally, Bello's counsel filed a notice further confirming that the matter had been settled. (Dkt. No. 21.)

The evidence presented establishes that the attorneys reached agreement with respect to the material terms of settlement—$25,000 for settlement of this case plus $30,000 in another matter in exchange for a full release of claims. (App. 5, 28.) Their mutual assent to these terms is binding notwithstanding the absence of a formal written settlement agreement, as "the parties' communications indicate that an agreement had been reached and there are no material terms outstanding to negotiate[.]" *See Paris v. TransUnion LLC*, No. 3:24-CV-00279, 2025 WL 1287748, at *2 (S.D. Tex. Apr. 30, 2025) (quoting *Peacock v. Deutsche Bank Nat'l Tr. Co.*, No. 4:20-CV-03945, 2022 WL 1185173, at *3 (S.D. Tex. Apr. 19, 2022)). Because he has not responded to Milliman's motion despite ample time and instruction to do so, Bello

has not presented any contradicting evidence, nor has he presented any affirmative

proof showing that his attorney lacked authority to settle the case on his behalf.

## III.  RECOMMENDATION

The undersigned recommends that Milliman's Motion to Enforce Settlement

(Dkt. No. 32) be **GRANTED** and that this action be **DISMISSED WITH**

**PREJUDICE**.

**SO RECOMMENDED** on January 20, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the
manner provided by law.  Any party who objects to any part of this report and
recommendation must file specific written objections within 14 days after being
served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific,
an objection must identify the finding or recommendation to which objection is
made, state the basis for the objection, and indicate the place in the magistrate
judge's report and recommendation where the disputed determination is found.  An
objection that merely incorporates by reference or refers to the briefing before the
magistrate judge is not specific.  Failure to file specific written objections will bar the
aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon
grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415,
1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1)
(extending the time to file objections to 14 days).